UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. RODRIGUEZ,<br><br>                      Petitioner,<br>v.<br>S. HATTON,<br>                      Respondent. | Case No.: 16cv2803-JAH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 6]** |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On November 3, 2016, Petitioner Cesar Rodriguez, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by constructively filing his Petition. ECF No. 1 ("Pet."). On November 28, 2016, the Court issued a briefing schedule requiring Respondent to file a motion to dismiss by January 27, 2017, and Petitioner to file an opposition by February 27, 2017. ECF No. 4. Currently before the Court is Respondent's Motion to Dismiss Petition for being untimely [ECF No. 6 ("MTD")] and Petitioner's opposition [ECF No. 10 ("Oppo.")]. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

//

## **FACTUAL AND PROCEDURAL BACKGROUND**

On January 27, 1982, Petitioner pled guilty to second degree murder. See Lodgment 1 at 1, 3 & Lodgment 2 at 1. On February 24, 1982, Petitioner was sentenced to fifteen years to life. See Lodgment 2 & Lodgment 3 at 1. Petitioner did not appeal his conviction. See Docket.

On June 24, 2016, Petitioner filed a state petition for writ of habeas corpus in the San Diego County Superior Court, arguing that (1) he was convicted of second degree murder in California, "under a criminal statute so unconstitutionally vague, it deprived [him] of due process" under Johnson v. United States, 135 S.Ct. 2551 (2015) ("Johnson"); and (2) the California Board of Parole Hearings' thirty-year arbitrary application of California Penal Code §3041 (a)–(b) rendered those provisions unconstitutionally vague, depriving him of due process and violating the ex post facto clause. Lodgment 3. On July 21, 2016, the San Diego Superior Court denied the petition. Lodgment 4.

On August 26, 2016, Petitioner filed a state petition in the California Court of Appeal raising the same two claims. Lodgment 5; see also Lodgment 3. On August 29, 2016, the Court of Appeal denied the petition. Lodgment 6.

On September 6, 2016, Petitioner raised the same claims in a state petition filed in the California Supreme Court. Lodgment 7; see also Lodgments 3 & 5. The California Supreme Court summarily denied the petition without comment or citation to authority on October 26, 2016. Lodgment 8.

On November 3, 2016, Petitioner filed the instant petition asserting the following claims: (1) "Criminal statutes that do not afford a person with an opportunity to know what the law is, in order to afford a person a fair opportunity to confirm his conduct, are unconstitutionally

2

16cv2803-JAH (BLM)

vague"[1]; (2) California's second degree murder statute is unconstitutional under <u>Johnson</u> because it is void for vagueness; and (3) the California Board of Parole Hearings' thirty-year arbitrary application of California Penal Code §3041 (a)–(b) rendered those provisions unconstitutionally vague under <u>Johnson</u>. Pet.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claim:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## DISCUSSION

Respondent contends that the Petition should be dismissed as untimely because it was filed after the one-year statute of limitations expired. MTD at 3, 10.

### A. The AEDPA Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (2006 & Supp. 2016). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons "in custody

---

[1] Although Petitioner's first claim appears not to have been presented to the California Supreme Court, in viewing the entirety of Petitioner's arguments the claim is essentially the same as his two exhausted claims. Therefore, the Court finds that Petitioner's arguments raised in his first claim have been presented to the California Supreme Court and the instant petition is not mixed. See <u>Rose v. Lundy</u>, 455 U.S. 509 at 522 (1982) (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions").

pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)–(D).

For prisoners whose convictions were finalized prior to the enactment of the AEDPA, the statute of limitations began to run on April 25, 1996. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002) (citing Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)). Petitioners in those cases had until April 24, 1997, to seek collateral review in federal court, unless they are entitled to a later start date. See id.; Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001).

Petitioner pled guilty to second degree murder on January 27, 1982 and was sentenced on February 24, 1982. See Lodgment 1, 3; Lodgment 2 at 1 & Lodgment 3 at 1. Petitioner did not appeal his conviction and his judgment became final on on April 26, 1982, when the sixty-day appeals period expired. Cal. R. Ct. 8.308(a); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Since Petitioner's conviction became final prior to the enactment of the AEDPA, the statute of limitations expired on April 24, 1997. See Hasan, 254 F.3d at 1153. The instant action was not filed until November 3, 2016 – more than nineteen years after the statute of limitations expired. Pet. Therefore, the Petition is untimely, unless Petitioner is entitled to a

4

later start date or sufficient tolling.

B. **Limitations Period Start Date**

Respondent argues that the AEDPA statute of limitations expired on April 24, 1997 and that Petitioner is not entitled to a later start date pursuant to Johnson. MTD at 5-6. Respondent further maintains that because Petitioner filed his Petition on November 3, 2016, more than nineteen years after the limitations period expired, his Petition is untimely. Id. at 6–9. Petitioner alleges that the one-year limitations period expired one year after the Supreme Court's June 26, 2015 decision in Johnson, and asserts that because he filed a habeas petition in the San Diego County Superior Court on June 24, 2016, his petition was timely. Oppo. at 2-4.

Petitioner states in his opposition that he is not contesting his actual conviction or the denial of parole, but rather, the "constitutionality of the structure of California's second degree murder statute, and the constitutionality of the structure of PC 3041(a) and PC 3041(b)" in light of Johnson. Oppo. at 5; see also id. at 2, 7. Petitioner argues that California's definition of second degree murder is a residual clause, which is analogous to the residual clause of the Armed Career Criminal Act ("ACCA"), and that therefore, he was convicted under a vague criminal law that violated his due process rights. Id. at 7-16. Similarly, Petitioner is contesting the structure of California's PC 3041(a)-(b), in light of the Board's and California Court's 30 year arbitrary application, that renders PC 3041(a)-(b) void for vagueness under Johnson. Id. at 4.

In Johnson, 135 S.Ct. 2551, the Supreme Court found the residual clause of the ACCA unconstitutionally vague. ACCA's residual clause defines any crime that "involves conduct that presents a serious potential risk of physical injury to another" as a violent felony. 18 U.S.C. § 924(e)(2)(B). In finding the residual clause violates Due Process rights, the Supreme Court found that the clause "produces more unpredictability and arbitrariness than the Due Process

5

Clause tolerates" and noted its own inability to craft appropriate standards and apply the clause. Johnson, 135 S.Ct. at 2557.

Petitioner was convicted of second degree murder in state court and was not subjected to the ACCA. Under California law, murder is defined as "the unlawful killing of a human being, or a fetus, with malice aforethought." Cal. Penal Code § 187. California Penal Code § 189 provides that:

> [a]ll murder which is perpetrated by means of a destructive device or explosive, a weapon of mass destruction, knowing use of ammunition designed primarily to penetrate metal or armor, poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree. All other kinds of murders are second degree.

Cal. Penal Code § 189. California's second degree murder statute does not contain the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" or comparable language. See Cal. Penal Code § 189. Further, the Supreme Court's decision in Johnson was very narrowly applied to the ACCA's residual clause and "has absolutely no applicability to the California murder statute under which Petitioner was convicted." Lopez v. Gastelo, 2016 WL 8453921, at *4 (S.D. Cal. Dec. 5, 2016) (finding that Johnson "is sufficiently narrow that it cannot be applied to Petitioner's [California second degree murder conviction] and thus no later start date is applicable"). Accordingly, Johnson does not represent the Supreme Court's recognition of a new rule of constitutional law applicable to California's second degree murder statute and Petitioner is not entitled to a later start date of the AEDPA statute of limitations. See id.; see also Adame v. Hatton, 2017 U.S. Dist. LEXIS 14968, at *8-10 (C.D. Cal.

Feb. 1, 2017) ("Petitioner's state prison sentence was not enhanced under the ACCA's residual clause, nor was his conviction based on any state anologue of that federal criminal statute. Thus, Johnson, did not create a new due process right applicable to Petitioner.").

With respect to Section 3041, Petitioner argues that Johnson rendered the statute unconstitutionally vague without referring to any specific language in the statute. Pet. at 8 & Oppo. at 17. Respondent contends that Petitioner could have raised his vagueness challenge to PC 3041 when he was sentenced in 1982, and therefore is not entitled to a later start date of the AEDPA statute of limitations for this claim. MTD at 6.

Section 3041's language, upon which parole decisions are based, is not similar to the language in the ACCA's residual clause. Keller v. Hatton, 2017 WL 2771529, at *4 (C.D. Cal. May 19, 2017) (finding that Johnson does not entitle Petitioner to a later start date for his claim that PC 3041 is unconstitutionally vague). Further, as Respondent correctly notes, Petitioner could have raised this challenge before the Supreme Court's ruling in Johnson. MTD at 6; Keller v. Hatton, 2017 WL 2771529, at *5 (C.D. Cal. May 19, 2017). Indeed several district courts have rejected claims challenging California parole regulations, including PC 3041, on vagueness grounds before the Supreme Court decided Johnson. Id.; Fowlie v. Sisto, 2011 WL 476378, at *4 (E.D. Cal. Feb. 4, 2011) (Report and Recommendation) (recommending denial of claim that PC 3041 is unconstitutionally vague); Winston v. California Bd. Of Prison Terms, 2006 WL 845584, at *3 (E.D. Cal. Mar. 31, 2006); Sariaslan v. Butler, 2004 WL 2203472, at *5 (N.D. Cal. Sept. 28, 2004); Masoner v. California, 2004 WL 1080177, at *1 (C.D. Cal. Jan. 23, 2004). Petitioner is not entitled to a later start date under the AEDPA statute of limitations merely because he "became aware of the void-for-vaguenss doctrine through Johnson's analysis." Adame v. Hatton, 2017 WL 1364223, at *4 (C.D. Cal. Apr. 11, 2017).

For the reasons stated herein, Johnson does not provide the basis for a new constitutional right that Petitioner may assert in this federal habeas action and he is not entitled to a later start date of the AEDPA statute of limitations. As a result, the instant Petition is untimely, unless sufficiently tolled.

### C. Petitioner Is Not Entitled to Statutory Tolling

Respondent argues that Petitioner is not entitled to statutory tolling. MTD at 9–10. Respondent contends that the only post-conviction state court filings identified by Petitioner are the state habeas petitions filed in 2016. Id. at 9 (citing Pet. & Lodgments 3–8). Respondent claims that because the petitions were filed nineteen years after the expiration of the limitations period, they do not provide a valid basis for statutory tolling. MTD at 9 (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001)). Respondent also asserts that Petitioner's habeas petition filed in the California Supreme Court on April 24, 2001, which was summarily denied on October 31, 2001, also does not provide a basis for statuary tolling because it was filed four years after the limitations period expired. MTD at 9. Finally, Respondent claims that Petitioner's other state habeas petitions, which challenged parole denials, do not provide a basis for statutory tolling because they did not challenge Petitioner's 1982 judgment and were filed after the limitations period expired. Id. at 10 (citing 28 U.S.C. § 2244(d)(2); Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482). Petitioner does not make any arguments that he is entitled to statutory tolling. See Oppo.

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a

notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (emphasis in original). State petitions filed after the expiration of the statute of limitations period have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not allow re-initiation of the limitations period where that period ended before petitioner's state petition for postconviction relief was filed).

As previously discussed, the deadline by which Petitioner had to file his federal habeas petition was April 24, 1997. None of Petitioner's state petitions were filed before the expiration of the statute of limitations. See Lodgments 3, 5, 7, 9, 10, 11, 12, 13, 14. Since Petitioner's deadline to file his petition was April 24, 1997 and his earliest state petition was filed on April 24, 2001, he is not entitled to statutory tolling. Lodgment 9; see Carey v. Saffold, 536 U.S. 214, 225-26 (2002); Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### D. **Petitioner Is Not Entitled to Equitable Tolling**

Respondent argues that Petitioner is not entitled to equitable tolling. MTD at 10. In support, Respondent contends that Petitioner has not alleged any grounds entitling him to equitable tolling, and the record in this case does not suggest any reason justifying equitable tolling. Id. Petitioner does not specifically argue that he is entitled to equitable tolling. See Oppo.

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d

9

1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The bar is set high to effectuate "AEDPA's 'statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Guillory v. Rose, 329 F.3d 1015, 1017 (9th Cir. 2003) (citing Carey, 536 U.S. at 226). Whether a petitioner is entitled to equitable tolling depends on a fact-specific inquiry. Holland, 560 U.S. at 650.

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Id. at 653 (citations omitted). The purpose of requiring the petitioner to show diligence "is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012–13 (9th Cir. 2011) (citations omitted). To determine whether a petitioner has been diligent, courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013.

Petitioner does not satisfy Holland's diligence and extraordinary circumstances prongs. See Holland, 560 U.S. at 649. Petitioner did not file this petition until November 3, 2016, over nineteen years after his conviction became final and the AEDPA's statute of limitations expired. Pet. Petitioner presents no evidence or argument to establish that he "diligently" pursued his legal claims, and does not allege or make any showing of an extraordinary circumstance outside of his control, which prevented him from timely filing the instant Petition before the AEDPA statute of limitations expired on April 24, 1997.

Because Petitioner has not shown that he diligently pursued his legal interests and that

10

16cv2803-JAH (BLM)

some extraordinary circumstances prevented timely filing, he has not met his burden and is not entitled to equitable tolling. See id.; see also Lopez v. Gastelo, 2016 WL 8453921, at *5 (S.D. Cal. Dec. 5, 2016) (stating that petitioner was not entitled to equitable tolling, where the petitioner argued that his conviction for second degree murder was unconstitutional in light of Johnson, but did not make any "argument that he was pursuing his rights diligently and there [wa]s no indication of an extraordinary circumstance" preventing him from timely filing his federal petition); Dew v. Hatton, 16cv1985-MMA (MDD) (S.D. Cal. Mar. 7, 2017) (finding that petitioner was not entitled to equitable tolling, where the petitioner argued that his second-degree felony murder conviction was unconstitutional in light of Johnson, but did not provide any evidence or arguments to satisfy the elements required for equitable tolling, and the record did not indicate that the petitioner was entitled to equitable tolling). Accordingly, this Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the Petition is not timely, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss with prejudice.

**IT IS ORDERED** that no later than **August 4, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 25, 2017**. The parties are advised that failure

11

16cv2803-JAH (BLM)

to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 7/5/2017

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge