# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>S. HATTON, Warden,<br><br>Respondent. | Case No.: 16cv2803-JAH (BLM)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 11] AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 6] |

## BACKGROUND

Petitioner, Cesar A. Rodriguez, a state prisoner proceeding *pro se*, originally filed his federal Petition for Writ of Habeas Corpus on November 3, 2016 pursuant to 28 U.S.C. § 2254. Doc. No. 1. In his Petition, Rodriguez alleges that he was deprived of his due process rights under Johnson v. United States, 135 S.Ct. 2551 (2015). Id. Specifically, Petitioner argues: (1) Criminal statutes that do not give someone the opportunity to know what the governing law is are unconstitutionally vague; (2) California's second degree murder statute is unconstitutional and void for vagueness

1

under Johnson; and (3) the California Board of Parole Hearings' thirty-year application of California Penal Code §3041 (a)-(b) is arbitrary and made those provisions unconstitutionally vague under Johnson. Id. at pgs. 6-8.

On January 26, 2017, Respondent filed a motion to dismiss the Petition for Writ of Habeas Corpus. Doc. No. 6. Respondent argues the petition must be barred by the statute of limitations and dismissed with prejudice. Id. at pg. 3. Specifically, Respondent contends the one-year statute of limitations began to run the day after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), was passed on April 25, 1996. Petitioner is not entitled to either statutory or equitable tolling. Id. at pgs. 5-10. As a result, Respondent argues the ruling in Johnson does not apply to Petitioner's claims. Id. at pg. 6. Petitioner filed a response in opposition to motion to dismiss on February 15, 2017. Doc. No. 10.

On July 5, 2017, the Honorable Barbara L. Major, United State Magistrate Judge, issued a report and recommendation ("Report") addressing the motion and recommending this Court grant Respondent's motion to dismiss the Petition with prejudice. Doc. 11 at pg. 11. Objections to the Report were due by August 4, 2017. Id. Petitioner filed a letter which the Court construes as an objection to the Report on August 1, 2017. Doc. No. 12. Petitioner argues the Report was wrong in its understanding and application of Johnson. Id. at pg. 1.

After careful consideration of the pleadings and relevant exhibits submitted and for the reasons set forth below, this Court ADOPTS the magistrate judge's Report and GRANTS Respondent's motion to dismiss.

DISCUSSION

I. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See Fed. R. Civ. P. 72(b). It is well-settled, under Rule 72(b), that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

II. Analysis

a. Statute of Limitations

Judge Major found a one year statute of limitations applied to Petitioner's federal habeas corpus petition. AEDPA imposes a one-year statute of limitations on federal prisoners for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). The one-year limitation applies to all habeas petitions filed by persons in custody pursuant to state court judgment. Id. Here, Petitioner was confined as a result of a state court judgment. Doc. No. 11 at pgs. 3-5. Pursuant to 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. Here, Petitioner pled guilty to second degree murder on January 27, 1982. Lodg. 1:3. Petitioner was sentenced on February 24, 1982. Id. Petitioner's conviction became final on April 26, 1982. Id. Since Petitioner's conviction became final prior to the enactment of AEDPA, the statute of limitations expired on April 24, 1997. Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001). The instant action was not filed until November 3, 2015. Doc. No. 1. The Court adopts the magistrate judge's finding as it is not clearly erroneous.

b. Commencement of the Statutory Period

Judge Major found that the latest start date was the date Petitioner's judgment became final upon expiration of the time for him to seek such review and no later date would apply. Doc. No 11 at pgs. 5-8. Petitioner claims that under Johnson, his start date should be June 26, 2015, the day of the Johnson ruling. Doc. No. 11 at pg. 5. Petitioner

3

argues because he filed his petition in San Diego County Superior Court on June 24, 2016, it is timely. Id.

Judge Major clarified that the Johnson ruling does not apply to Petitioner's situation. Johnson was narrowly applied to the Armed Career Criminal Act ("ACCA") and not the California second degree murder statute under which Petitioner was convicted. Id. at pg. 6. Moreover, Judge Major also clarified that California Penal Code § 3041's language is dissimilar to the language found in the ACCA's residual clause. Thus, the ruling in Johnson has no impact on § 3041. Id. at pg. 7. Accordingly, Judge Major found the appropriate start date for analyzing the one year statute of limitations is the date Petitioner's judgment became final upon expiration of the time for him to seek review under § 2244(d)(1)(A). Id. at pg. 8. The Court adopts the findings of the Report as it is not clearly erroneous.

      c. Statutory Tolling

Judge Major found the Petition untimely as "[n]one of Petitioner's state petitions were filed before the April 24, 1997 expiration of the statute of limitations." Id. at pg. 9. The court noted that even if Petitioner's earliest filing date of April 24, 2001 were used to calculate potential tolling, Petitioner would still be four years late. Id. Petitioner did not file his state habeas corpus petition until April 24, 2001. Yet an untimely petition does not reinitiate the limitations period once it has already run. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Thus, Judge Major determined Petitioner is not entitled to statutory tolling. Doc No. 11 at pg. 9. The Court finds the Report's analysis is not clearly erroneous and adopts the findings of the magistrate judge.

      d. Equitable Tolling

Lastly, Judge Major found Petitioner did not satisfy the requirements laid out in Holland v. Florida, 560 U.S. 631, 645 (2010) (equitable tolling is appropriate in cases where Petitioner exercises adequate diligence in pursuing his rights unless extraordinary circumstances prevent Petitioner from doing so). Id. at pg. 10. The magistrate judge noted Petitioner did not file the instant petition until more than nineteen years after the

4

16cv2803-JAH (BLM)

date of his conviction and only after AEDPA's limitations period expired. Id. Moreover, the magistrate judge also found Petitioner was not diligent in pursuing his rights after the tolling period. Id. at pgs. 10-11; Doe v. Busby, 661 F.3d 1001, 1012-13 (9th Cir. 2011) (finding diligence is required to show Petitioner is eligible for equitable tolling). In addition, the magistrate judge did not find any extraordinary circumstance restrained Petitioner from filing his habeas petitions. Doc. No. 11 at pgs. 10-11. Thus, the magistrate judge found there was not sufficient equitable tolling to deem Petitioner's petition timely. Id. at pg. 11. The Court finds the Report's analysis is not clearly erroneous and adopts the findings of the magistrate judge.

  e. Petitioner's Objection to the Report

Petitioner filed a letter which the Court construes as an objection to the Report on August 1, 2017. Doc. No. 12. The letter indicates that Petitioner believes the Report was wrong in its understanding and application of Johnson. Id. at pg. 1.

The Court only needs to consider objections that are filed in a timely manner and specific in nature. See Thomas, 474 U.S. 140, 151 (1985). This Court's independent review of the record, the relevant lodgments presented by the parties, and the Report (Doc. No. 11), reveals that the Magistrate Judge provided a cogent analysis of each of the four claims presented by Petitioner. After reviewing Petitioner's Objections, this Court finds that Petitioner does not specifically object to the procedural background of the federal or state proceedings (Id. at pgs. 1-3); to the lengthy and extensive transcript-supported factual background (Id. at pgs. 3-11); or to the scope of review (Id. at pg. 3) utilized by the magistrate judge. The Petitioner's objections do not point to specific findings or conclusions in the Report, but instead appear to be general objections to the Report's analysis and conclusions, making the same arguments made in the original federal habeas petition. Id. at pgs. 1-17. For these reasons, the Court determines Petitioner's objection to be general in nature.

The Court conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties, and finds the Report provides a cogent analysis of the issues presented in the motion.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The finding and conclusions of the magistrate judge presented in the Report (Doc. No. 11) are ADOPTED in the entirety;
2. Respondent's Motion to Dismiss (Doc. No. 6) is GRANTED;
3. The Petition For Writ of Habeas Corpus (Doc. No. 1) is DIMISSED WITH PREJUDICE.

DATED: September 21, 2017

_____
JOHN A. HOUSTON
United States District Judge